963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy Hendrix LONG, Defendant-Appellant.
 No. 91-50528.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 19, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This case addresses whether the district court may require, as a condition of a convicted bank robber's supervised release, disclosure to his current, or any future, employer his prior convictions for sex felonies. The district court ordered the disclosure of a 1972 rape conviction and a 1974 assault to rape and assault with a deadly weapon conviction. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Roy Long robbed the Great American Bank on Mission Boulevard in San Diego, California on October 7, 1988. He was apprehended, eventually pled guilty, and eventually was sentenced to 30 months in prison followed by three years of supervised release. He is now serving the supervised release portion of his sentence.
 
 
 4
 On June 15, 1972, Long pled guilty to the forcible rape of a 15 year old girl. He received a three year sentence. On May 19, 1974, while on probation, Long assaulted a woman outside a bar in Santee, California. He was convicted of assault to rape and assault with a deadly weapon on October 10, 1974. From November 19, 1974 to November 9, 1976, Long was committed to Patton State Hospital as a mentally disordered sex offender. Long's probation expired in 1981. On November 13, 1984, Long pled guilty to breaking and entering, and assault and battery. His probation for those crimes expired February 10, 1988, approximately seven months prior to the bank robbery. Long acknowledges a problem with multiple substance abuse, which he links to childhood abuse and post traumatic stress syndrome deriving from his military service in Vietnam.
 
 
 5
 Long works for Howe Plumbing. His probation officer requested that the district court order the disclosure of his prior convictions for sex felonies because Long's job requires him to work unsupervised in occupied residences. Long has disclosed his prior convictions to Howe. His appeal thus relates to the possibility that, during the pendency of his supervised release, he will seek employment elsewhere that requires unsupervised interaction with the public.
 
 II
 
 6
 A sentencing judge has broad discretion in setting conditions for supervised release, including restricting fundamental rights. United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991). We review conditions of probation for abuse of discretion. United States v. Clark, 918 F.2d 843, 847 (9th Cir.1990). A district court abuses its discretion if it does not apply the correct law or commits a clear error of judgment in weighing the facts. United States v. Schlette, 842 F.2d 1574, 1577 (9th Cir.), amended on other grounds, 854 F.2d 359 (9th Cir.1988).
 
 
 7
 The district court acts pursuant to statute when it imposes conditions on supervised release.
 
 
 8
 Conditions of supervised release.--The court shall order, as an explicit condition of supervised release, that the defendant not commit another Federal, state, or local crime during the term of supervision and that the defendant not possess illegal controlled substances. The court may order, as a further condition of supervised release, to the extent that such condition--
 
 
 9
 (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
 
 
 10
 (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
 
 
 11
 (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a);
 
 
 12
 any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate.
 
 
 13
 18 U.S.C. § 3583(d). The parties agree that the district court's condition is not one of the discretionary conditions authorized by § 3563(b). The imposition of other appropriate conditions is guided by:
 
 
 14
 Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
 
 
 15
 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
 
 
 16
 (2) the need for the sentence imposed--
 
 
 17
 .............................................................
 
 
 18
 ...................
 
 
 19
 * * *
 
 
 20
 (B) to afford adequate deterrence to criminal conduct;
 
 
 21
 (C) to protect the public from further crimes of the defendant; and
 
 
 22
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner....
 
 
 23
 18 U.S.C. § 3553(a).
 
 
 24
 Long challenges whether the district court misconstrued its statutory authority, and whether the district court committed a clear error of judgment in exercising its authority. He does not challenge the constitutionality of the statutes or the district court's action.
 
 
 25
 * We first consider whether the district court has developed a condition of supervised release not authorized by the statutory scheme. The statutory scheme affords the district court broad discretion based on balancing competing interests. We note that any condition must "reasonably relate" to the factors set forth in § 3553, and that any deprivation of liberty must be "reasonably necessary" in light of the purposes set forth in § 3553.
 
 
 26
 The relevant factors and purposes require a balancing of Long's interests with the public's. The legal question is whether a reasonable balancing of interests could ever yield the condition imposed by the district court. We hold that the statutory scheme affords a legal basis for the district court to arrive at the conclusion that a person whose work requires unsupervised interaction with the public must disclose his prior sex felony convictions to his employer.
 
 B
 
 27
 We now consider whether, given that the district court had statutory authority to impose the condition, it nevertheless committed a clear error of judgment by imposing the condition. A review of the record reveals that the district court agonized over its competing responsibilities: rehabilitating Long and protecting the public from a relapse by Long. The district court encouraged Long, through counsel, and the probation office to work out their differences, but a compromise ultimately proved unattainable.
 
 
 28
 The test for validity of probation conditions is "whether the limitations are primarily designed to affect the rehabilitation of the probationer or insure the protection of the public." Clark, 918 F.2d at 848 (quotation omitted). The standard for establishing the reasonable relationship between probation conditions and the purposes of probation should be "very flexible precisely because of our uncertainty about how rehabilitation is accomplished." Id. (quotations omitted). The district court clearly felt that it had a duty to warn the public. Given Long's prior sex felony convictions, his continued emotional instability, the potential for a renewal of his substance abuse, the limited supervisory resources of the probation office and the unsupervised contact with the public required by Long's job, we cannot say that the district court's concern is unreasonable. The district court felt that Long's employer is best positioned to take the precautions necessary to monitor Long's unsupervised contact with the public. The employer's tort exposure in the event of a job-related assault by Long provides an incentive for the employer to take such precautions.
 
 
 29
 The district court's solution is also arguably the least intrusive, given the need for informing the public. Rather than dictating requirements to Long's employer, the district court has left to Howe Plumbing the methods by which it should monitor Long's contacts with the public. An employer could react as adversely to the requirement of having each customer answer Long's proffered "mystery questionnaire," as to the disclosure of Long's prior sex felony convictions. We cannot say that the district court abused the broad discretion it was granted when, as a condition of Long's supervised release, it required that Howe Plumbing or any future employer be notified of Long's prior sex felony convictions. See Bolinger, 940 F.2d at 480-81.
 
 III
 
 30
 The district court's order is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3